O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:15-CV-08863 (VEB)

SHARON JOSEPHINE RUBIN,

             Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

             Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In October of 2011, Plaintiff Sharon Josephine Rubin applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorneys, California Lawyers Group, LLP, Michael S. Brown, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 4, 15). On October 25, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on October 27, 2011, alleging disability beginning August 15, 2009. (T at 163-66).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On February 7, 2014, a hearing was held before ALJ Marti Kirby. (T at 40). Plaintiff appeared with an attorney and testified. (T at 44-54). The ALJ also received testimony from David Rinehart, a vocational expert. (T at 54-57).

On March 17, 2014, the ALJ issued a written decision denying the application for benefits. (T at 18-39). The ALJ's decision became the Commissioner's final

[2] Citations to ("T") refer to the administrative record at Docket No. 19.

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

decision on September 16, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On November 13, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on July 12, 2017. (Docket No. 18). The parties filed a Joint Stipulation on October 18, 2017. (Docket No. 22).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

**A.  Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2012 (the "date last insured"). (T at 23). The ALJ found that Plaintiff did not engage in substantial gainful activity during the period between the alleged onset date (August 15, 2009) and the date last insured. (T at 23).

The ALJ found that, as of the date last insured, Plaintiff's benign brain tumor on the left side, status post radiation; history of left breast cancer, status post-double mastectomy with revision multiple surgeries with complications; headaches; and depression were "severe" impairments under the Act. (Tr. 23).

However, the ALJ concluded that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 24).

The ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 404.1567 (b), with the following limitations: she can stand/walk for 6 hours in an 8-hour workday, but no more than 15-20 minutes at a time; she can sit for 6 hours in an 8-hour workday, with brief position changes after one hour; she can occasionally bend, stoop, climb steps, and balance, but rarely kneel, crawl, squat or crouch; she cannot climb ladders, ropes, or scaffolds; she must avoid work that requires unprotected heights, moving machinery, or other hazards; she is to avoid jobs that require hypervigilance or intense concentration on a particular task; she is limited to occasional, non-intense interaction with the general public; she is limited to unskilled work; she cannot perform repetitive or constant pushing or pulling with the left lower extremity. (T at 26).

The ALJ concluded that, as of the date last insured, Plaintiff could not perform her past relevant work as a retail cashier, bank auditor, or cafeteria manager. (T at 33-34). However, considering Plaintiff's age (53 years old on the date last insured), education (at least high school), work experience, and residual functional

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff could perform as of the date last insured. (T at 34-35).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between August 15, 2009 (the alleged onset date) and December 31, 2012 (the date last insured) and was therefore not entitled to benefits. (T at 35). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

## D.    Disputed Issues

As set forth in the Joint Stipulation, Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she challenges the ALJ's credibility determination.   Second, Plaintiff asserts that the ALJ's step five analysis was flawed.  This Court will address both arguments in turn.

## IV. ANALYSIS

## A.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the

claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows: She was 54 years old as of the date of the administrative hearing. (T at 44). She completed high school, attended some college, and received a fashion merchandising certification from a vocational school. (T at 44). She last worked in 2007. (T at 44). She was diagnosed with breast cancer in 2009 and underwent surgery, with no follow-up chemotherapy or radiation. (T at 46). A brain tumor diagnosed in 2006 was treated with radiation. (T at 46). She

does not drive due to dizzy spells. (T at 48). Anti-depressants provide some relief. (T at 49). She is married and lives with her husband. (T at 49).

She stays at home most of the day. (T at 50). Exercise has been recommended, but she avoids it due to pain in her leg and hip. (T at 50). She watches television for hours at a time, but does not pay close attention. (T at 50). She sees one of her granddaughters often and will read to her and "help her with her ABCs and … counting." (T at 51). Her husband attends to household chores. (T at 51). Irritability and mood control are struggles. (T at 51). Medication side effects include bone pain, nervousness, and depression. (T at 52). She can stand comfortably for about 5 to 7 minutes. (T at 53). Her doctor prescribed a cane. (T at 53).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 28). The ALJ found that Plaintiff's mental and/or emotional issues precluded her from some work settings, but did not render her wholly incapable of sustaining any and all work activity. (T at 26).

Plaintiff challenges the ALJ's decision to discount her subjective complaints of disabling mental and emotional issues.

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

1      For the reasons that follow, this Court finds the ALJ's decision consistent with

2 applicable law and supported by substantial evidence. No treating or examining

3 medical source assessed Plaintiff with mental functioning limitations of the degree

4 she alleged.

5      In addition, the ALJ reasonably concluded that the treatment record, while

6 certainly documenting complaints of mental health symptoms, was not consistent

7 with Plaintiff's claims of disabling limitations. In February of 2011, Pamela Jill

8 Gordon, a marriage and family therapist, diagnosed Plaintiff with adjustment

9 disorder with mixed anxiety and depressed mood. (T at 972). She assigned a Global

10 Assessment of Functioning ("GAF") score[3] of 65 (T at 972). "A GAF of 61-70

11 indicates '[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some

12 difficulty in social, occupational, or school functioning (e.g., occasional truancy, or

13 theft within the household), but generally functioning pretty well, has some

14 meaningful interpersonal relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170,

15 1174 n.8 (C.D. Cal. 2008). Subsequent treatment notes were generally negative for

16 significant symptoms, with judgment, affect, and memory noted as normal. (T at

17 979, 1056, 1091, 1146).

18

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational
19 functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161,
1164 n.2 (9th Cir. 1998).

20

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

In February of 2012, Dr. William Goldsmith performed a consultative psychiatric examination. He diagnosed physical condition affecting psychological function and anxiety not otherwise specified. (T at 1656). Dr. Goldsmith assigned a GAF score of 55 (T at 1656), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (C.D. Cal. Sep't 29, 2008). He assessed slight impairment with regard to Plaintiff's ability to understand/remember/carry-out simple 1 or 2 step job instructions and her ability maintain concentration, attention, persistence and pace. (T at 1656). He found moderate impairment with respect to Plaintiff's ability to follow detailed and complex instructions, interact with the public/supervisors/co-workers, and adapt to the stresses common to a normal work environment. (T at 1656). Dr. Goldsmith opined that Plaintiff's ability to maintain regular activities in the work place and perform work activities on a consistent basis was intact, along with her ability to perform work activities without special or additional supervision. (T at 1656-66). He characterized Plaintiff's prognosis as "fair to good." (T at 1657).

In May of 2012, Dr. Gerald Fischbach, a psychiatrist, reported on an initial intake visit with Plaintiff. Dr. Fischbach performed a mental status examination, describing Plaintiff as having intact attention and concentration, intact memory,

irritable and moderately depressed mood, coherent thought processes, and seemingly intact judgment and insight. (T at 1721-22). He diagnosed adjustment disorder with mixed anxiety and depressed mood. (T at 1722). Dr. Fischbach assigned a GAF score of 50-55. (T at 1723). He adjusted Plaintiff's medication and recommended follow-up psychiatric treatment. (T at 1723-24).

In light of the foregoing, this Court finds that the ALJ's conclusion that the medical record did not support the full extent of Plaintiff's subjective complaints is supported by substantial evidence. Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are inconsistent with the medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

In addition, the ALJ noted that Plaintiff did not seek consistent mental health treatment or pursue more aggressive treatment options. (T at 28). The voluminous record testifies to Plaintiff's access to health care and her willingness to utilize the medical system to address a variety of maladies. Thus, having demonstrated an ability and willingness to access health care for symptoms that impacted her life, it is

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

reasonable to infer that the relatively conservative, limited nature of the mental health treatment indicates relatively less significant mental health symptoms. Although the lack of treatment cannot form the sole basis for rejecting claims of disabling symptoms, an ALJ may consider a claimant's unexplained or inadequately explained failure to seek treatment when assessing credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(citation omitted).

Lastly, the ALJ reasonably noted that Plaintiff's activities of daily living (which included household chores, babysitting her granddaughter, and attending to self-care)(T at 25, 27, 51, 531, 967, 974) were inconsistent with her subjective complaints. Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

There is no question that Plaintiff's mental health symptoms impact her ability to perform work-related activities. The issue is the extent of that impact. The ALJ concluded that Plaintiff could perform work, provided it was unskilled, without any hypervigilance or intense concentration, and involved only limited to occasional non-intense interaction with the general public. (T at 26). This assessment is

supported by substantial evidence. The fact that Plaintiff offers an alternative reading of the evidence in support of a more restrictive assessment is unavailing. It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.  Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

return to her previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995).

The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ relied on the testimony of the vocational expert in concluding that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform as of the date last insured. (T at 34-35). Plaintiff challenges the hypothetical presented to the vocational expert. The ALJ asked the vocational expert about a hypothetical claimant who could not perform "jobs requiring hyper-vigilance or intense concentration on a particular task." (T at 55). The ALJ further explained that she meant "jobs where the very nature of the job would mean the

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

person can't be off task for even the shortest amount of time …." (T at 55). The ALJ also included a limitation to "unskilled work." (T at 56). Plaintiff argues that this phrasing does not adequately convey to the vocational expert that Plaintiff had moderate limitations with regard to maintaining concentration, persistence, and pace.

Plaintiff cites *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x 211, 212 (9th Cir. 2009), in support of her argument. In *Brink*, the ALJ found that the claimant had moderate difficulty maintaining concentration, persistence, or pace, but the hypothetical presented to the vocational expert referenced only "simple, repetitive work." *Id*. In an unpublished, non-precedential opinion, a panel of the Ninth Circuit reversed and determined that the limitation to simple, repetitive work did not adequately address the claimant's limitations with regard to concentration, persistence and pace. *Id.*

This case is distinguishable from *Brink*. In this case, the ALJ carefully considered the evidence, including the evidence of limitation regarding concentration, persistence, and pace, and found that an RFC limiting Plaintiff to unskilled jobs, with no hypervigilance or intense concentration, adequately incorporated those limitations. This conclusion was supported by substantial evidence for the reasons outlined above.

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB

In sum, consistent with substantial evidence, the ALJ properly translated Plaintiff's moderate limitations into the RFC and then presented those translated limitations to the vocational expert as part of the hypothetical question. This was sufficient under applicable case law in the Ninth Circuit. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that RFC limiting a claimant to simple, repetitive work "adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony."); *see also Watkins v. Comm'r SSA*, No. 6:15-cv-01539, 2016 U.S. Dist. LEXIS 112555, at *14 (D. Or. Aug. 22, 2016)(distinguishing *Brink* on this basis); *Murray v. Colvin*, No. C-13-01182 DMR, 2014 U.S. Dist. LEXIS 50586, 2014 WL 1396408, at *4 (N.D. Cal. Apr. 10, 2014) (finding that *Brink* did not apply because "[h]ere, the medical evidence supports a finding that Plaintiff is capable of performing one-to-two step instructions despite any limitations in concentration, persistence or pace"); *Maidlow v. Astrue*, No. EDCV 10-01970-MAN, 2011 U.S. Dist. LEXIS 128050, 2011 WL 5295059, at *4 (C.D. Cal. Nov. 2, 2011) ("However, in this case, unlike the cases cited by plaintiff, and as detailed below, the medical expert, upon whom the ALJ relied both in determining plaintiff's RFC and crafting her hypothetical to the vocational expert, testified that plaintiff's

deficiencies in CPP resulted in specific work restrictions—to wit, a restriction to simple, repetitive work.").

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 7th day of March, 2018

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – RUBIN v BERRYHILL 2:15-CV-08863-VEB